## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re | |
| | Chapter 11 |
| RMDR INVESTMENTS, INC. | |
| | Case No. 16-12698 |
| Debtor | |
| | Section "B" |

### DEBTOR'S MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 11 PROCEEDING WITH INCORPORATED MEMORANDUM

**NOW INTO COURT,** through undersigned counsel, comes RMDR Investments, Inc., Debtor and Debtor-in-Possession in the above-captioned proceeding (the "Debtor"), which seeks voluntary dismissal of this matter pursuant to 11 U.S.C. § 1112(b) and respectfully represents as follows.

### BACKGROUND

1.

On October 31, 2016, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") **[P-1]**.

2.

Since the petition was filed, Debtor has operated as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108 and a Trustee has not been appointed under 11 U.S.C. § 1104.

3.

The Debtor is a corporation operating Babe's Cabaret and Nightclub in New Orleans, Louisiana (the "Nightclub"). The Nightclub is located at 429-33 Bourbon Street.

4.

The primary reason the Debtor sought Chapter 11 relief was to have the benefit of the

automatic stay while it reorganized its business and resolved a dispute regarding its lease of commercial property at 429-33 Bourbon Street (the "Premises").

5.

The Premises are owned by 429 Bourbon Street, LLC ("429 Bourbon Street") and were occupied by Debtor to operate its nightclub subject to a commercial lease (the "Lease"). 429 Bourbon Street initiated state court proceedings in the Civil District Court for the Parish of Orleans to evict the Debtor and received a Judgment in their favor on May 31, 2016. Following an unsuccessful suspensive appeal, the Court eventually issued a writ of possession ordering the Debtor to vacate the premises before 5:00 p.m. on November 1, 2016. Again, the bankruptcy was filed October 31, 2016.

6.

On November 2, 2016, 429 Bourbon Street filed a *Motion for Order Recognizing Inapplicability of Automatic Stay Or, Alternatively, to Lift Stay* **[P-10]** (the "Motion") to proceed with its writ of possession. 429 Bourbon Street subsequently amended its request to only seek non-recognizability of the automatic stay. The Debtor filed an Opposition to the Motion **[P-57]** on November 25, 2016.

7.

On December 2, 2016, the Motion and Opposition came for hearing before the Court. The Court entered an Order **[P-71]** granting 429 Bourbon Street's Motion, finding that the automatic stay was not applicable to any action to obtain possession of the Premises.

8.

As a result of the Court's order, the Debtor will not be able to continue operating at the Premises. A successful Chapter 11 Plan was dependent upon the applicability of the automatic

stay to the eviction proceeding to allow the Debtor to successfully reorganize its business at its current location.[1]

## RELIEF REQUESTED

9.

Debtor requests voluntary dismissal of the matter pursuant to 11 U.S.C. § 1112(b), 11 U.S.C. § 349, and Federal Rules of Bankruptcy Procedure 1017 and 2002.

10.

Prior to the dismissal or within thirty days after the dismissal, Debtor will pay any and all outstanding fees to the Office of the United States Trustee as incurred pursuant to 28 U.S.C. § 1930(a)(6) and Debtor will file all necessary monthly reports.

## LAW AND ARGUMENT

11.

A Court may dismiss a Chapter 11 case for cause if the dismissal is in the best interest of the creditors and the estate. 11 U.S.C. § 1112(b)(1). The Court has discretion to determine whether the Chapter 11 case ought to be dismissed for cause. *In re Dark Horse Tavern*, 189 B.R. 576, 580 (Bankr. N.D.N.Y. 1995); *see also Matter of Koerner*, 800 F.2d 1358, 1367 (5th Cir. 1986) (considering legislative history of 11 U.S.C. § 1112). Furthermore, under § 1112(b)(4)(A), "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Here, continuing a Chapter 11 case would incur a continuing loss to the estate in the form of additional attorneys' fees, accounting fees, United States Trustee fees, and legal costs without the reasonable likelihood of rehabilitation.

---

[1] Debtor is not aware of another location where it can operate. Debtor reserves its right to withdraw this motion in the event that a new location arises before the hearing on this matter.

12.

Dismissal in this case is in the best interest of the creditors and the estate.

13.

The Debtor will not be able to successfully reorganize without maintaining possession of the Premises. Therefore, a Chapter 11 Plan will not be successful.

14.

The Debtor holds funds sufficient to pay the administrative creditors. The only other material creditors are disputed, to wit (1) 429 Bourbon Street, which can be resolved in state court, and (2) Kean Miller, against which Debtor avers a cause of action in an amount excess of the claim. The Kean Miller matter can likewise be resolved in state court. There is no further need for this Chapter 11 case to continue, and dismissal avoids the expense of bankruptcy.

**CONCLUSION**

For the reasons contained herein, the dismissal of this Chapter 11 proceeding is in the best interest of creditors, and in the best interest of 429 Bourbon Street.

**WHEREFORE**, RMDR Investments, Inc. prays that this Court, after notice, hearing, and consideration, issue an order:

(1) Dismissing this matter pursuant to 11 U.S.C. § 1112(b);

(2) Revesting property of the estate in the hands of the Debtor;

(3) Directing Debtor to pay any and all administrative expenses, including outstanding fees to the Office of the United States Trustee as incurred pursuant to 28 U.S.C. § 1930(a)(6) prior to the dismissal or within thirty days after the dismissal;

(4) For all other legal and equitable relief.

[Signature Page to Follow]

Respectfully submitted,

**THE DERBES LAW FIRM, L.L.C.**

*/s/ Albert J. Derbes, IV*
ALBERT J. DERBES, IV, T.A. (20,164)
ERIC J. DERBES (23,464)
KAJA S. ELMER (35,568)
3027 Ridgelake Drive
Metairie, LA 70002
Phone: (504) 837-1230
Facsimile: (504) 832-0322
*Attorneys for Debtor and Debtor-in-Possession*